**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **J.P.**

**Nos. 16-0364 & 16-0654** (Jackson County 09-JA-11 & 09-JA-13-CIGR-9)

**MEMORANDUM DECISION**

Petitioner R.N., the child's legal guardian, by counsel Leah R. Chappell, appeals the Circuit Court of Jackson County's December 15, 2015, order regarding legal guardianship of, and visitation with, the child, J.P.[1] Additionally, petitioner G.P., the child's maternal grandmother, appeals the Circuit Court of Jackson County's June 1, 2016, order regarding visitation with the child. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed responses in both matters in support of the circuit court's orders. The guardian ad litem ("guardian"), Ryan M. Ruth, filed responses in both matters on behalf of the child supporting the circuit court's orders and a supplemental appendix. Petitioners in both actions also responded to the other parties' appellate briefs. On appeal, petitioner R.N. argues that the circuit court erred in allowing petitioner G.P. continued visitation with the child. Petitioner G.P. argues that the circuit court erred in denying her guardianship of the child, in restricting visitation with the child, and in admitting certain evidence below.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

In an abuse and neglect proceeding, the circuit court entered an order in February of 2012 that granted the child's mother primary custody of the child, J.P. The circuit court had previously adjudicated the mother as an abusing parent and granted her a post-adjudicatory improvement period that she completed.

In November of 2013, petitioner R.N. filed a petition in the family court seeking guardianship of the child. Petitioner R.N. is a local pharmacist who met the mother and her child at the store at which R.N. was employed, and subsequently began providing J.P. care. At the initial hearing, the family court found a likelihood that it would be asked to consider allegations of abuse and/or neglect and ordered the matter transferred to the circuit court. That same month, the family court entered an interim order appointing petitioner R.N. as the child's temporary guardian. Around the time the family court held its first hearing in the guardianship matter, the DHHR moved to modify the disposition from the prior abuse and neglect proceedings. Ultimately, the circuit court consolidated the guardianship and abuse and neglect proceedings.

The circuit court held final hearings on the petition for guardianship in April and May of 2014. The mother presented witnesses Dr. Amelia McPeak and counselor Sue Lamp. In support of her petition, petitioner R.N. presented several witnesses, including the child's maternal grandmother (petitioner G.P. herein), maternal uncle, several of the child's teachers, other pharmacy employees, and psychologist Jason Weaver, who interviewed the mother during the proceedings below. The circuit court also admitted multiple exhibits, including the child's school records and records of the mother's mental health treatment. Ultimately, the circuit court found the mother to be an abusing parent and awarded legal guardianship to R.N. The circuit court did, however, order that the mother should have visitation with the child.[3]

In April of 2015, petitioner R.N. filed a motion to discontinue visitation between the mother and the child. After holding two evidentiary hearings, the circuit court entered an order on August 1, 2015, that terminated visitation between the mother and the child. Later that month, petitioner G.P. filed a motion to intervene in the proceedings and a petition to modify petitioner R.N.'s permanent guardianship of the child. In October of 2015, the circuit court granted petitioner G.P. intervenor status in the proceedings, but did not rule on her motion to modify the guardianship. In November of 2015, petitioner G.P. filed an amended petition to modify the circuit court's order granting petitioner R.N. legal guardianship.

By order entered on December 15, 2015, the circuit court denied petitioner G.P.'s petition for modification. The circuit court further found that petitioner G.P. had allowed the mother to have prohibited contact with the child during unsupervised visitations. Accordingly, the circuit court ordered that petitioner G.P. should have continued visitation with the child, but that all visitation between petitioner G.P. and the child should be supervised. Thereafter, the circuit court held a hearing to rule on a dispute as to how frequently visitation between petitioner G.P. and the child should take place. By order entered on June 1, 2016, the circuit court ruled that petitioner G.P. and the child should have supervised visitation once every ninety days. Petitioners in these

---

[3]The mother appealed the circuit court's order to this Court, and we affirmed the same. *In re: J.P.*, No. 14-0829, 2015 WL 2381310 (W.Va. May 18, 2015) (memorandum decision).

consolidated matters appeal from both the circuit court's December 15, 2015, order and its June 1, 2016, order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's decisions below.

To begin, we find no error in the circuit court granting petitioner G.P. supervised visitation with the child. On appeal, petitioner R.N. argues that the circuit court erred in finding that supervised visitation, as opposed to unsupervised visitation, would remedy issues of prohibited contact with the child's mother. The Court does not agree. Simply put, supervised visitation will prevent petitioner G.P. from allowing the child continued contact with the mother, either in person or over the telephone.

Further, petitioner R.N. argues that the circuit court erred in finding that the child's best interests would be served by continuing his relationship with petitioner G.P. Pursuant to West Virginia Code § 48-10-501, "[t]he circuit court . . . shall grant reasonable visitation to a grandparent upon a finding that visitation would be in the best interests of the child and would not substantially interfere with the parent-child relationship." Moreover, we have held that "[t]he best interests of the child are expressly incorporated into the Grandparent Visitation Act in W.Va.Code §§ 48–10–101, 48–10–501, and 48–10–502 [2001]." Syl. Pt. 2, *In re Hunter H.*, 231 W.Va. 118, 744 S.E.2d 228 (2013). The evidence in this matter is clear that continued contact with petitioner G.P. is in the child's best interests. While it is true that petitioner G.P. previously allowed the child to have prohibited contact with his mother, the fact remains that the child's guardian ad litem recommended that visitation between the child and petitioner G.P. continue. The evidence further shows that petitioner G.P. served as a caretaker for the child for an extended period, including during the time the mother was on an improvement period in this abuse and neglect proceeding. While the circuit court found that petitioner G.P. fell short of being the child's psychological parent, it nonetheless found that petitioner G.P. had an important relationship with the child that was worth preserving. As such, we find no error in the circuit court ordering supervised visitation between petitioner G.P. and the child.

Similarly, we find no error in the circuit court's denial of petitioner G.P.'s request to modify its prior order granting petitioner R.N. legal guardianship of the child. In support of her cross-assignment of error, petitioner G.P. argues that the circuit court should have granted her legal guardianship of the child and that her due process rights were violated when the circuit court based that determination on a finding that she allowed him continued contact with his mother, in violation of a prior order. According to petitioner G.P., she had no knowledge of the prohibition on contact between the child and his mother and, therefore, the circuit court erred in relying on this fact in reaching its determination. We, however, do not agree.

Pursuant to West Virginia Code § 49-4-606(a), a circuit court may only modify a dispositional order "if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests." As the circuit court here found, petitioner G.P. failed to establish a material change in circumstances that warranted modification. In fact, the circuit court noted that the only change in circumstances since the dispositional order granting petitioner R.N. legal guardianship of the child was that petitioner R.N. terminated visitation between petitioner G.P. and the child "for various reasons . . . the most important reason being the discovery that [petitioner G.P.] was permitting contact between [the child] and his mother . . . ." While it is unclear whether petitioner G.P. had actual knowledge that the mother was prohibited from having contact with the child, the fact remains that such contact was not in the child's best interests. Accordingly, the circuit court was correct in finding that the termination of visitation between petitioner G.P. and the child did not constitute a material change in circumstances that warranted modification of the child's placement. Moreover, the circuit court found that remaining in petitioner R.N.'s care was in the child's best interests, as illustrated by the fact that the child "thrived in this placement, both emotionally and academically. . . ." Accordingly, we find no error in the circuit court's denial of petitioner G.P's request to modify the child's placement by naming her the legal guardian.

Next, the Court finds no error in the circuit court's order granting petitioner G.P. supervised visitation once every ninety days. On appeal, petitioner G.P. argues that the circuit court's decision to impose this schedule, as opposed to weekly supervised visits, is arbitrary and capricious and, therefore, erroneous. The Court does not agree. On the contrary, the circuit court clearly based its decision to impose the visitation schedule at issue upon the child's best interests. Simply put, the circuit court imposed this schedule after finding that petitioner G.P. was "unable or unwilling to follow [the circuit court's] previous orders . . . ." Moreover, it is clear that the circuit court had reservations about continued visitation between petitioner G.P. and the child, as evidenced by the several restrictions the circuit court placed on visitation. Beyond simply requiring that visits be supervised, the circuit court also prohibited petitioner G.P. from making "any negative comments to the infant child in regard to any family member or guardian, custody, living arrangements, etc[,]" among other restrictions. Based upon these restrictions, it is clear that the circuit court limited visits between petitioner G.P. and the child to once every three months in an effort to protect the child's best interests. We have held that "'the best interests of the child is the polar star by which decisions must be made which affect children.' *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989)." *Hunter H.*, 231 W.Va. at 123, 744 S.E.2d at 233. Accordingly, we find no error in the circuit court's order regarding the visitation schedule.

4

Finally, the Court finds no error in regard to any evidentiary determinations below. Specifically, petitioner G.P. argues on appeal that the circuit court erred when it "allowed the introduction of a letter" from the child's treating psychologist that contained recommendations regarding visitation between petitioner G.P. and the child. According to petitioner, this letter constitutes inadmissible hearsay. The Court, however, finds no merit to the assignment of error, as the record on appeal is clear that the letter was never admitted into evidence. Instead, the letter was provided to the child's guardian ad litem, who considered the same in his representation of the child. Moreover, to the extent that the circuit court considered the letter in reaching its decision regarding the visitation schedule, we find no error. The letter specifically stated that the child would experience additional "difficulties and tension" with increased visitation, which speaks to the child's best interests. Further, the circuit court clearly indicated that it based its decision regarding visitation upon the ample evidence in the proceedings, including extensive testimony, not simply the psychologist's recommendation. As such, it is clear that the circuit court had sufficient evidence, absent the letter in question, upon which to base its decision. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 15, 2015, order and its June 1, 2016, order are hereby affirmed.

Affirmed.

**ISSUED**: January 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker